| | |
|---|---|
| **State of Wyoming** | **In the District Court** |
| **County of Weston** | **Sixth Judicial District** |

| | | |
|---|---|---|
| **Tom Vore, Susan Vore and** | ) | Civil Action No. CV-2083 |
| **Double Triangle Ranch,** | ) | |
|     *Plaintiffs,* | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Black Hills Power, Inc.; Black Hills** | ) | FILED IN DISTRICT COURT |
| **Energy; Wright Tree Service Inc.** | ) | WESTON COUNTY, WYOMING |
| **d/b/a Wright Tree Service;** | ) | |
| **Tanner Laughlin, Individually and as** | ) | MAY 0 7 2021 |
| **an Employee of Wright Tree Service;** | ) | |
| **Jeffery Stover-Cornell, Individually** | ) | TINA COTE |
| **and as an Employee of Wright Tree** | ) | CLERK OF DISTRICT COURT |
| **Service; Colter Schenbeck, Individually** | ) | |
| **and as an Employee of Wright Tree** | ) | |
| **Service; John Gullickson, Individually** | ) | |
| **and as a Manager of Wright Tree** | ) | |
| **Service; and Jeremiah Wildeboer,** | ) | |
| **Individually and as a Manager of** | ) | |
| **Wright Tree Service,** | ) | |
|     *Defendants.* | ) | |

## COMPLAINT

## NATURE OF THE CASE

1.    This action is brought by Plaintiffs against Black Hills Power, Inc., the Grantee of

an easement for right-of-way construction and maintenance of an electric utility line across

Plaintiffs' ranch. Additional Defendants named herein acted at the direction or on behalf of Black

Hills Power, Inc. Black Hills Power, Inc. is a public utility company that obtained from the

Wyoming Public Service Commission authorization to construct and operate a high-voltage power

2.     Prior to construction of the high-voltage power line, Black Hills Power, Inc. requested a written easement from Plaintiffs as landowners to construct and operate the power line and agreed to indemnify Plaintiffs from any and all damage that might result.

3.     Black Hills Power, Inc. selected a route for the construction and operation of this high-voltage power line directly in the path of and over a historical antiquity located on Plaintiffs' property. This historical antiquity referred to as the "Naming Rock" had inscribed the names and dates of early settlers going back to as early as 1810.

4.     As a precondition to Plaintiffs giving their permission to Black Hills Power, Inc. for the construction of this electric utility, Plaintiffs demanded and Black Hills Power, Inc. agreed to enter into a special relationship with the Plaintiffs to protect and preserve the "Naming Rock" because they recognized the priceless value of the "Naming Rock" and agreed to protect this antiquity and unique feature of Plaintiffs' ranch rather than construct an alternate route.

5.     Black Hills Power, Inc., agreed, as a precondition to any easement, that they would protect and secure the "Naming Rock" with a secure perimeter fence under lock and key, and further agreed to separately and additionally indemnify Plaintiffs from any and all damage by Black Hills Power, Inc., its subcontractors and its employees.

## NATURE OF THE ACTION

6.     On or about July 18, 2019, individual Defendants named herein knowingly, and intentionally defaced, injured and destroyed property of the Plaintiffs without Plaintiffs' consent or knowledge.

7.     Such individual Defendants were and/are employed by Wright Tree Service, an Iowa corporation. Wright Tree Service was acting on behalf of and at the request of Black Hills Power, Inc. under a contract or series of contracts both written and oral wherein Wright Tree

2

Service acted as a subcontractor for Black Hills Power, Inc. On information and belief, such contract provided that Wright Tree Service would indemnify and protect Black Hills Power, Inc. from any and all damage caused by Wright Tree Service in the performance of their subcontracts.

8.      Such individual Defendants were on the property owned by the Plaintiffs at the request of Black Hills Power, Inc. for the purported purpose of inspection and/or maintenance of vegetation of the right-of-way (ROW) over which Black Hills Energy had constructed a 230 K.V. electric transmission line across Plaintiffs' ranch.

9.      Prior to July 18, 2019, Black Hills Power, Inc. had entered into a series of contracts with Plaintiffs for the construction, operation and maintenance of the public utility easements across Plaintiffs' ranch. In each contract, as more particularly described hereinafter, Black Hills Power, Inc. agreed to indemnify Plaintiffs for any and all costs and/or damages caused by Defendant, Black Hills Power, Inc., Black Hills Power, Inc.'s subcontractors, *i.e.,* Wright Tree Service, or the employees of either.

10.     One such contract with Plaintiffs was to protect and preserve the historical "Naming Rock" which created a special relationship between Black Hills Power, Inc. and Plaintiffs that was separate and distinct from traditional power line easements entered into by Black Hills Power and other landowners.

11.     Plaintiffs relied upon the additional and separate assurances provided to them by Black Hills Power, Inc. This additional contract created a special relationship between Black Hills Power, Inc., and Plaintiffs

12.     The damages caused by Wright Tree Service employees and Wright Tree Service as subcontractor are in an amount in excess of $ 100,000.00 dollars. The damages and request for

indemnification were presented to Black Hills Power, Inc. and Wright Tree Service. Defendants Black Hills Power, Inc. and Wright Tree Service have failed and refused, without justification, to pay any costs of indemnification.

## PARTIES

### A.    Plaintiffs

13.    Plaintiff Tom Vore is a natural person and a resident of Weston County, Wyoming. Tom Vore is the President and co-owner/officer of Double Triangle Ranch.

14.    Plaintiff Susan Vore is a natural person married to Tom Vore, and is the co-owner/officer of Double Triangle Ranch. She resides with her husband on their ranch in Weston County, Wyoming.

15.    Double Triangle Ranch is a family ranching corporation incorporated in the State of Wyoming and owned by Tom and Susan Vore. Tom and Susan Vore operate their family ranching operation under the name Double Triangle Ranch.

### B.    Defendants

16.    Black Hills Power, Inc. is a South Dakota corporation that at prior points in time had an address of 409 Deadwood Avenue, Rapid City, South Dakota 57702 and is a public utility constructing and operating electric transmission lines across several states including the State of Wyoming. It is a public utility subject to the oversight and regulation by the Wyoming Public Power Commission and other state and federal regulatory agencies.

17.    Black Hills Power, Inc. operates under several names or entities and is also known as Black Hills Energy (hereinafter claims against these two separate but affiliated entities will be referred to as Black Hills Power, Inc.)

4

18.     Wright Tree Service, Inc. is an Iowa corporation with its principal place of business in West Des Moines, Iowa. It has and continues to be a subcontractor of Black Hills Power, Inc. and provides vegetation management services to Black Hills Power, Inc. under various contracts both written and oral. Under such contracts, Wright Tree Service has agreed to indemnify Black Hills Power for any and all damages caused by Wright Tree Service as its subcontractor.

19.     The individual Defendant, Tanner Laughlin, was at all material times herein an employee of Wright Tree Service.

20.     The individual Defendant, Jeffery Stover-Cornell, was at all material times herein an employee of Wright Tree Service.

21.     The individual Defendant, Colter Schenbeck, was at all material times herein an employee of Wright Tree Service.

22.     The individual Defendant, John Gullickson, was at all material times herein an employee of Wright Tree Service and served in a managerial capacity of a crew directed to enter onto Plaintiffs' property.

23.     The individual Defendant, Jeremiah Wildeboer, was at all material times herein an employee of Wright Tree Service and served in a managerial capacity.

5

## CAUSES OF ACTION

### COUNT I.
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING BY BLACK HILLS POWER, INC. IN THE PERFORMANCE AND ENFORCEMENT OF CONTRACTS ARISING IN TORT.

COME NOW Plaintiffs, Tom Vore, Susan Vore and Double Triangle Ranch and for their cause of action against Black Hills Power, Inc., state as follows:

Plaintiffs hereby replead and incorporate herein by reference paragraphs 1-23 of this Complaint, the same as if fully set out herein.

24.    There exist two separate contracts between Black Hills Power, Inc. and Plaintiffs.

25.    These written contracts provide for the indemnification and payment of any damages caused by Black Hills Power, its subcontractors, its agents or its employees or employees of subcontractors.  Specific language in respect to the contracts, copies of which are attached hereto marked Exhibit "A" and Exhibit "B" and incorporated herein by reference, are set forth below.

26.    Each of the foregoing contracts and the specific provisions set forth therein creates an additional duty by Black Hills Power, Inc. of good faith and fair dealing in its performance under these contracts.

27.    Black Hills Power, Inc. has breached both contracts in respect to its duty of good faith and fair dealing required of it under the contracts. In particular the separate contract for protection and preservation of the "Naming Rock" created a special relationship between this Defendant and Plaintiffs.

28.    Separate and additional consideration was paid to Plaintiffs by Black Hills Power, Inc., and the contract created a relationship between the parties reflecting a trust and reliance by

6

Plaintiffs that the "Naming Rock" would be protected and preserved. This existed as a precondition to the separate contract providing for an easement across Plaintiffs' ranch.

29.     Black Hills Power, Inc. in addition to its tortious breach of good faith and fair dealing under the contracts is additionally and otherwise in breach of the duties under these contractual circumstances.

30.     Despite numerous requests by Plaintiffs of Black Hills Power, Inc. to provide for payment of damage and injury sustained to property owned by the Plaintiffs, the "Naming Rock", Black Hills Power, Inc. has failed and refused to pay any amounts for which they are obligated under the contracts referenced above.

31.     Plaintiffs have experienced further damage, including emotional distress and loss of enjoyment of their property.

WHEREFORE, Plaintiffs pray for judgment against Defendant, Black Hills Power, Inc., for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", construction and reconstruction of adequate security fencing and monitoring to ensure and prevent further damage by this Defendant or its subcontractors, emotional distress and loss of enjoyment of their property, plus all applicable prejudgment and post-judgment interest, costs of this action, and an award of attorney fees and punitive and exemplary damages in an amount according to the proof provided sufficient to punish and prevent conduct by this Defendant toward similarly-situated Plaintiffs and these Plaintiffs in the future.

## COUNT II.
## GROSS NEGLIGENCE

COME NOW the Plaintiffs and for their second cause of action against Black Hills Power, Inc., for gross negligence, state as follows:

7

Plaintiffs hereby replead and incorporate by reference their allegations contained in paragraphs 1-31 as if fully set out herein.

32.     In constructing the electric transmission line Black Hills Power, Inc. was required to apply a level of care commensurate with and proportionate to the danger of designing, engineering, constructing, operating and maintaining electrical transmission and distribution systems, including vegetation clearance.

33.     Defendants' duties were non-transferable and non-delegable as to these Plaintiffs.

34.     Defendants had a duty of vigilant oversight in the maintenance, use, operation, repair, and inspection appropriate to the circumstances and the prior relationships and contractual arrangements with Plaintiffs respecting the construction and operation of the electrical transmission and distribution system and specifically including the additional and further knowledge of this Defendant that the historical antiquity over which they requested construction of their electric utility would be protected and preserved.

35.     Defendant, Black Hills Power, Inc., had prior and contemporaneous knowledge that the historical antiquity, the "Naming Rock", was subject to risk and damage by employees of Black Hills Power, Inc., subcontractors and employees of subcontractors retained by Black Hills Power, Inc.

36.     Black Hills Power, Inc. was fully aware of the inaccessibility of the general public to the "Naming Rock" and that the most substantial risk of damage and injury for which they had acknowledged their duty to provide protection was from their employees, their subcontractors and the employees of their subcontractors.

37.     Black Hills Power, Inc., was grossly negligent in failing to provide any onsite supervision of subcontractors which they directed to engage in vegetation clearing of the right-

of-way across Plaintiffs' ranch.  Given its knowledge of the facts and circumstances in respect to the "Naming Rock," Black Hills Power, Inc. was grossly negligent, malicious and indifferent to the protection of the "Naming Rock" in failing to provide any instruction, warning or direction to subcontractors it brought onto Plaintiffs' ranch for right-of-way maintenance.

38.    Black Hills Power, Inc. failed to conduct reasonably prompt, proper and frequent inspections of the electric transmission line and provide supervision of any employees or persons that were in the right-of-way on Plaintiffs' ranch at its request.

39.    Black Hills Power, Inc. was negligent in failing to design, construct, operate and maintain the high-voltage transmission and distribution line so as to prevent the foreseeable consequences of damage and destruction to the Naming Rock, the uniqueness and priceless character of which they had previously contractually acknowledged they would protect.

40.    Black Hills Power, Inc.  was grossly negligent in failing to properly investigate, hire, train and supervise employees and agents responsible for the maintenance and inspection of the power lines and/or electrical equipment.

41.    As a result of its gross negligence alleged herein, Black Hills Power, Inc. proximately caused damage to Plaintiffs' property.

WHEREFORE, Plaintiffs pray for judgment against Defendant, Black Hills Power, Inc., for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", construction and reconstruction of adequate security fencing and monitoring to ensure and prevent further damage by this Defendant or its subcontractors, emotional distress and loss of enjoyment of their property, plus all applicable prejudgment and post-judgment interest, costs of this action, and an award of attorney fees and punitive and exemplary damages in an amount

according to the proof provided sufficient to punish and prevent conduct by this Defendant toward similarly-situated Plaintiffs and these Plaintiffs in the future.

## COUNT III.

### BREACH OF CONTRACT FOR BREACH OF DUTY
### OF GOOD FAITH AND FAIR DEALING
### BETWEEN PLAINTIFFS AND DEFENDANT BLACK HILLS POWER, INC.

COME NOW the Plaintiffs, Tom Vore, Susan Vore and Double Triangle Ranch, and for their third cause of action for breach of contract of good faith and fair dealing and additional breach of contract states as follows:

Plaintiffs hereby replead and incorporate herein by reference paragraphs 1-31 of the Complaint, the same as if fully set out herein (paragraphs 32-41 are not repled herein).

42.    Attached hereto is the RIGHT-OF-WAY PURCHASE AGREEMENT dated June 1, 2016, consisting of four (4) pages with additional attachments of six (6) pages collectively marked as Exhibit "A" attached hereto and incorporated herein by reference.

43.    This contract, Exhibit "A" was prepared by Defendant, Black Hills Power, Inc. and signed by the Director of Engineering Services, Michael J. Fredrich.

44.    The RIGHT-OF-WAY EASEMENT at paragraph 3 specifically provides:

"3.    Grantee agrees to defend, indemnify and to hold harmless Grantor from any liability, claims and damage which may occur as a result of Grantee's conduct, and the conduct of Grantee's personnel, service providers, contractors, subcontractors, agents and assignees."

45.    On or before July 18, 2019, Black Hills Power, Inc. requested services of subcontractor, Wright Tree Service and their employees, individually-named Defendants herein, to enter Plaintiffs' ranch property under a written or oral contract wherein Wright Tree Service was the subcontractor.

46.    The individual Defendants named herein intentionally damaged and destroyed property of the Plaintiffs and otherwise engaged in wrongful and criminal conduct on or about July 18, 2019, and thereafter.

47.    Defendant, Black Hills Power, Inc., was notified by law enforcement authorities and plaintiffs of the damage to Plaintiffs' property by the subcontractor retained by Black Hills Power, Inc. and within the days and weeks that followed the damage, repeated demands were made upon Black Hills Power to pay for the cost, damage and injury experienced by the Plaintiffs as a result of the subcontractor and its employees.  As of the filing of this Complaint, Black Hills Power, Inc. has failed and refused to pay any amount for which they are obligated under paragraph 3 of the contract, despite having been provided all information pertinent to having payment made.   The willful refusal of Black Hills Power is a substantial intentional breach of contract for which damages should be awarded.

48.    The damages incurred are in excess of $100,000.

WHEREFORE, Plaintiffs pray for judgment against Defendant, Black Hills Power, Inc., for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", construction and reconstruction of adequate security fencing and monitoring to ensure and prevent further damage by this Defendant or its subcontractors, emotional distress and loss of enjoyment of their property, plus all applicable prejudgment and post-judgment interest, costs of this action, and an award of attorney fees and punitive and exemplary damages in an amount according to the proof provided sufficient to punish and prevent conduct by this Defendant toward similarly-situated Plaintiffs and these Plaintiffs in the future.

## COUNT IV.

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### IN PERFORMANC OF CONSTRUCTION AGREEMENT

COME NOW the Plaintiffs, Tom Vore, Susan Vore and Double Triangle Ranch, and for their fourth cause of action against Black Hills Power, Inc. state as follows:

Plaintiffs hereby replead and incorporate herein by reference paragraphs 1-31 of the Complaint, the same as if fully set out herein (paragraphs 32-48 are not repled herein).

49.      Attached hereto is the "**CONSTRUCTION AGREEMENT**" dated May 26, 2016, and signed by Black Hills Power, Inc. on June 1, 2016, consisting of one (1) page. This Construction Agreement is marked Exhibit "B", is attached hereto and incorporated herein by reference.

50.      The content of Exhibit "B" was prepared by Defendant Black Hills Power, Inc. and signed by the then Director of Engineering Services, Michael J. Fredrich.

51.      The preparation and execution of the Construction Agreement was a precondition to Plaintiffs' granting any right-of-way easement to Black Hills Power for the construction of their electric utility line across Plaintiffs' property. The pertinent language of the Construction Agreement in part recites that:

> "Grantee [Black Hills Power, Inc.] and Grantor [Plaintiffs] are in the process of negotiating an EASEMENT AND RIGHT-OF-WAY AGREEMENT ("Easement"), for the construction and operation of one (1) 230kV electric transmission power line with poles, wires and associated equipment...."

Black Hills Power, Inc. was advised that on Plaintiffs' property and within the right-of-way easement sought by Black Hills Power, Inc. there was a cultural area known as "Naming Rock" on Grantor's property. Because of the insistence and demand by Plaintiffs that the "Naming Rock" be protected from any and all activities of Black Hills Power, Inc., the power company agreed to the preparation and execution of this Construction Agreement as an additional and

further separate assurance that no damage or injury would occur to the "Naming Rock" because of the activity of this Defendant or its subcontractors.

52.     The Construction Agreement specifically provided as follows:

> "Grantor and Grantee hereby agree that during the project, Grantee will fence cultural area known as "Naming Rock" on Grantor's property.  Fence will consist of chain link fabric with one individual walk-in gate."

The Construction Agreement provided that Black Hills Power, Inc. would perform as follows:

> "Grantee agrees to defend, indemnify and to hold harmless Grantor from any liability, claims and damage which may occur as a result of Grantee's conduct, and the conduct of Grantee's personnel, service providers, contractors, subcontractors, agents and assignees, related to Grantee's exercise of its rights hereunder."

It was contemplated by the parties that the walk-in gate would be secured by a lock and that the key to the lock securing the "Naming Rock" from any access by Black Hills Power's personnel or its subcontractors would be held by Plaintiffs.  Black Hills Power, Inc. at the time of the signing of this agreement and thereafter recognized the importance of preventing access to the "Naming Rock" by any employees or employees of its subcontractors.

53.     On or about July 2019, individual employees of Wright Tree Service named herein were on Plaintiffs' property at the request and direction of Black Hills Power, Inc. and acting without supervision or instruction by Black Hills Power, engaged in criminal activity breaching the fence protecting the cultural area known as "Naming Rock".

54.     Damage and injury were inflicted upon the "Naming Rock".  The damages and cost to repair and restore the "Naming Rock" have been provided to Black Hills Power, Inc. and demand has been made upon Black Hills Power, Inc. to make payment under the indemnification provisions set forth herein.

55.     The continued refusal of Black Hills Power, Inc. to make payment under the provisions of this contract is intentional and without justification.

56.     The purpose and existence of this contract created a special relationship between Black Hills Power, Inc. and Plaintiffs to ensure protection of the "Naming Rock."

WHEREFORE, Plaintiffs pray for judgment against Defendant, Black Hills Power, Inc. for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", construction and reconstruction of adequate security fencing and monitoring to ensure and prevent further damage by this Defendant or its subcontractors, emotional distress and loss of enjoyment of their property, plus all applicable prejudgment and post-judgment interest, the costs of this action and an award of attorney fees and punitive and exemplary damages in an amount according to the proof provided sufficient to punish and prevent conduct by this Defendant toward similarly-situated Plaintiffs and these Plaintiffs in the future.

### COUNT V.
### INDIVIDUALLY NAMED DEFENDANTS, WRIGHT TREE SERVICE
### AND BLACK HILLS POWER, INC.
### GROSS NEGLIGENCE

COME NOW the Plaintiffs, Tom Vore, Susan Vore and Double Triangle Ranch and for their fifth cause of action against individually named Defendants herein, Wright Tree Service and Black Hills Power, Inc., state as follows:

Plaintiffs hereby replead and incorporate herein by reference paragraphs 1-41 of this Complaint, the same as if fully set out herein (paragraphs 42-56 are not repled herein).

57.     Upon or about August 14, 2019, Weston County Sheriff's Office, Deputy Peter Dobro, investigated a circumstance occurring to the "Signing Rock" located on the property of Tom and Susan Vore in Weston County, Wyoming.

58.    Deputy Peter Dobro inspected the "Naming Rock" and determined it had a security chain link fence and lines of barb wire on top. The gate was padlocked and did not appear to be tampered with. Deputy Dobro noted Susan and Tom Vore are the only key holders to the padlock. Upon further investigation, the Weston County Sheriff's Office obtained a confession by management personnel John Gullickson that he and other individually-named Defendants, Tanner Laughlin, Jeffery Stover-Cornell and Colter Schenbeck that they had carved out their names in the rock. As a result, the Weston County Sheriff's Office, determined that these individually-named Defendants had knowingly defaced, injured or destroyed property of another without the owners' consent and that the cost of restoring the property was in excess of $1,000 in violation of certain Wyoming statutes.

59.    The Defendant, Jeremiah Wildeboer, was aware of this damage at various points in time and had not provided any direct on-site supervision of this crew despite having managerial responsibilities that would have prevented this criminal destruction of property.

60.    Upon information and belief, individually-named Defendants herein, were compensated and paid wages for the times and under circumstances where they engaged in the intentional, malicious destruction of Plaintiffs' property.

61.    Upon information and belief, Wright Tree Service as subcontractor of Black Hills Power, Inc. was compensated for the time and wages that were paid to the individually-named Defendants while engaging in the conduct described herein.

62.    Wright Tree Service, as employer of individually-named Defendants has implicitly and explicitly failed to take corrective action or pay for any cost, damage or injury inflicted upon Plaintiffs by employees of Wright Tree Service.

63.     Plaintiffs at various points in time from and after July 2019 through to the present time have demanded Wright Tree Service provide for payment of damage and injury caused to the Plaintiffs by Wright Tree Service employees and Wright Tree Service has refused and failed to make any payment whatsoever for the cost of restoration and repair of the "Naming Rock" necessitated by the intentional malicious acts of employees of Wright Tree Service.

64.     The failure to provide any remedial action to the Plaintiffs by Wright Tree Service as employer is without justification and contrary to their obligations as a subcontractor of Black Hills Power, Inc.

WHEREFORE, Plaintiffs pray for judgment against individual Defendants named herein, Wright Tree Service, Inc. and Black Hills Power, Inc., for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", emotional distress and loss of enjoyment of their property, plus all applicable prejudgment and post-judgment interest, the costs of this action, and an award of attorney fees, and punitive and exemplary damages in an amount according to the proof provided sufficient to punish and prevent conduct by the individual Defendants and their employer toward similarly-situated Plaintiffs and these Plaintiffs in the future.

**COUNT VI.**
**PLAINTIFFS' THIRD-PARTY DONEE BENEFICIARY CLAIM**
**(THIRD-PARTY BENEFICIARY)**
**AGAINST WRIGHT TREE SERVICE, INC. AND BLACK HILLS POWER**

COME NOW the Plaintiffs, Tom Vore, Susan Vore and Double Triangle Ranch and for their sixth cause of action for breach of contract under which Plaintiffs were intended third-party donee beneficiaries, state as follows:

Plaintiffs hereby replead and incorporate herein by reference paragraphs 1-41 of this Complaint, the same as if fully set out herein (paragraphs 42-64 are not repled herein).

16

65.     Upon information and belief and based upon communications from Wright Tree Service and Black Hills Power, there exist one or more written contractual agreements under which Wright Tree Service, Inc. is to indemnify Black Hills Power for any and all damages that may be claimed against Black Hills Power by Plaintiffs herein or similarly-situated Plaintiffs.

66.     By virtue of the indemnification provisions running from Wright Tree Service to Black Hills Power, Plaintiffs are the intended donee beneficiaries.

67.     Plaintiffs have presented claims against Wright Tree Service, Inc. and Black Hills Power, Inc. and neither entity has paid for any damage, cost of repair and restoration or expenses incurred by Plaintiffs as a direct result of the intentional malicious destruction of Plaintiffs' property by employees of Wright Tree Service.

68.     Wright Tree Service, Inc., by failing to make payments to Plaintiffs herein for damages caused by their employees, is in breach of the contractual provisions running between Wright Tree Service and Black Hills Power, Inc. to the damage and injury of Plaintiffs herein.

69.     Wright Tree Service, Inc. is in breach of its duty of good faith and fair dealing under the provisions of the contract it holds with Black Hills Power, Inc. and has no justification for a continued refusal to make payments compensating Plaintiffs for the damages inflicted on their property.

70.     Plaintiffs have been damaged in an amount in excess of $100,000.

WHEREFORE, Plaintiffs pray for judgment against Defendants, Wright Tree Service, Inc. and Black Hills Power, Inc., for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", construction and reconstruction of adequate security fencing and monitoring to ensure and prevent further damage by these Defendants or their employees, emotional distress and loss of enjoyment of their property, plus applicable

17

prejudgment and post-judgment interest, the costs of this action, and an award of attorney fees and punitive and exemplary damages in an amount according to the proof provided sufficient to punish and prevent conduct by these Defendants toward similarly-situated Plaintiffs and these Plaintiffs in the future.

**COUNT VII.**
**CIVIL CONSPIRACY BETWEEN**
**BLACK HILLS POWER, INC. AND WRIGHT TREE SERVICE, INC.**
**IN BREACH OF THEIR INDEMNIFICATION CONTRACTS**
**FAVORING PLAINTIFFS HEREIN**

COME NOW the Plaintiffs Tom Vore, Susan Vore and Double Triangle Ranch and for their seventh cause of action for civil conspiracy against Black Hills Power, Inc. and Wright Tree Service, Inc., state as follows:

Plaintiffs hereby replead and incorporate herein by reference paragraphs 1-64 of the Complaint, the same as if fully set out herein (paragraphs 65-70 are not repled herein).

71.     The two Defendants named herein have conspired one with the other to prevent payment of any indemnification or resolution of claims made by Plaintiffs as a result of the intentional, malicious destruction of property of the Plaintiffs by employees of the Defendant, Wright Tree Service.

72.     These two Defendants have conceded to Plaintiffs their liability for damage and injury to the Plaintiffs because of the malicious destruction and damage to the "Naming Rock".

73.     Black Hills Power, Inc. has by two separate indemnification provisions entered into with Plaintiffs herein, agreed to pay for any and all damages which are of the type and kind experienced by Plaintiffs as a result of the damage by its subcontractor, Wright Tree Service's employees.  Despite entering into those contracts, they have refused from and after the date of

the damage and injury to make any payment whatsoever of any amounts for which they are obligated under the indemnification provisions.

74.    Wright Tree Service has engaged in negotiations in acknowledgment of their liability and responsibility for damage and injuries caused to the Plaintiffs as alleged herein, but has failed and refused to pay any amounts towards indemnification for which they are contractually obligated by virtue of a contract running between Wright Tree Service as subcontractor and Black Hills Power, Inc.   This additional separate indemnification provision is one by which Plaintiffs herein are the intended donee beneficiaries.

75.    Black Hills Power, Inc. has reached agreements and engaged in a course of action and work in concert with Wright Tree Service to deny the entitlement of Plaintiffs to any payments under the three separate indemnification provisions.

76.    Both corporate Defendants named herein have violated a duty of good faith and fair dealing in respect to their obligations under the contracts and have acted in concert to advance a breach of good faith and fair dealing by each respective corporation.

77.    Defendant Black Hills Power, Inc. has refused to engage in arbitration proceedings before the Wyoming Public Power Commission.   Black Hills Power, Inc. has refused to engage in voluntary mediation with Plaintiffs.

78.    Black Hills Power, Inc. has refused to provide any evidence to contradict the documents, information and expert opinion testimony concerning the extent of damage and injury by subcontractor employees and the reasonable and necessary costs of restoration of the "Naming Rock".

79.     Black Hills Power, Inc. has engaged in an agreement or understanding with Wright Tree Service, Inc. to share and rely upon legal advice or positions that are inherently in conflict with the obligations of Black Hills Power, Inc. to provide indemnification.

80.     The conduct of Wright Tree Service, Inc. is an intentional interference with the contractual obligations of Black Hills Power to Plaintiffs herein.

81.     Black Hills Power, Inc. has consented, encouraged and facilitated the tortious interference by Wright Tree Service in interfering with the primary obligation of Black Hills Power, Inc. to make payment to Plaintiffs for damage and injury herein.

82.     The object to be accomplished by corporate Defendants herein is to engage in willful, intentional, unjustified noncompliance with the contractual provisions toward the Plaintiffs.

83.     There has been a meeting of the minds between Black Hills Power, Inc. and Wright Tree Service, Inc. in undertaking the course of action that has been taken through to the present time.

84.     In addition to the actual damages for the destruction and injury to the "Naming Rock" for which these Defendants have primary liability, they have caused additional damage and injury to the Plaintiffs herein by their breach of good faith and fair dealing necessitating retention of legal counsel for negotiation and submission of damage information and attorney fees and costs to be incurred in securing resolution of this case. Accordingly, Plaintiffs are entitled to payment of attorney fees and costs for these additional separate and independent reasons. Defendants have engaged in one or more unlawful or improper acts toward Plaintiffs herein. Plaintiffs have incurred additional cost, expense, damage and injury as a result of this conspiracy beyond the damages from the destruction of property and breach of contract.

WHEREFORE, Plaintiffs pray for judgment against Defendants Black Hills Power, Inc. and Wright Tree Service, Inc. for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", emotional distress and loss of enjoyment of property. Plaintiffs further pray for additional and further compensatory and punitive damages, and attorney fees based upon the intentional conspiratorial breach of their respective contracts. Defendants' conspiratorial conduct was entered into with the intention of denying Plaintiffs a remedy to which they were entitled under the contracts set forth herein. Plaintiffs further pray for punitive and exemplary damages in an amount according to the proof provided sufficient to punish and prevent conduct by these Defendants toward similarly-situated Plaintiffs and these Plaintiffs in the future.

### COUNT VIII.
### TRESPASS AGAINST ALL DEFENDANTS AND
### TRESPASS FOR RECORDING DATA

COME NOW the Plaintiffs, Tom Vore, Susan Vore and Double Triangle Ranch, and for their eighth cause of action against all Defendants named herein for trespass and trespass to record data, state as follows:

Plaintiffs hereby replead and incorporate herein by reference paragraphs 1-64 of the Complaint, the same as if fully set out herein (paragraphs 65-84 are not repled herein).

85. During the relevant time of the initial construction of the electric transmission line, Defendant, Black Hills Power, Inc. was told to remove their equipment and their personnel from the property because of a failure to comply with the contractual provisions contained within agreements that Black Hills Power, Inc. had promised to Plaintiffs, specifically including, but not limited to, construction of a secure perimeter fence with barb wire around the top of the "Naming Rock" so as to prevent Black Hills Power, Inc.'s employees or their subcontractors or employees

21

of their subcontractors from trespassing into that enclosure and damaging the "Naming Rock". The contemplated enclosed secure structure was to be secured with a padlock and the key to such lock to the secured perimeter fencing was to be held only by the Plaintiffs.

86.     Black Hills Power, Inc. retained, directed and instructed Wright Tree Service, Inc., and their employees, to enter onto Plaintiffs' ranch for vegetation maintenance. Contemporaneous with making these arrangements, Defendant, Black Hills Power, Inc., failed to instruct, supervise or oversee entry upon Plaintiffs' ranch by employees of Wright Tree Service. Employees of Wright Tree Service engaged in criminal activity including destruction of the "Naming Rock" and collection of resource data after trespass over, through or under the locked secured perimeter fencing surrounding the "Naming Rock".   Upon information and belief, Defendants collected resource data from within the enclosure.

87.     Plaintiffs did not grant permission for any of the Defendants to enter onto their ranch for purposes of damage and destruction of the historical antiquity that they had sought to preserve and for which Black Hills Power, Inc. agreed they would protect.

88.     Individual Defendants engaged in criminal activity and trespass of the perimeter fencing were under the supervision and control of the corporate Defendants and but for the instructions of the corporate Defendants to these individual Defendants, they would not have been on Plaintiffs' property and would not have had access to the "Naming Rock' and would not have been available to trespass by breaching the secured perimeter fencing.

89.     As a direct and proximate and substantial cause of the trespass, these Plaintiffs have suffered and will continue to suffer damage including, but not limited to, damage to property, discomfort, loss and enjoyment of life, annoyance and emotional distress in an amount to be proven at the time of trial.

22

90.     As a further direct and proximate result of the Defendants' conduct, Plaintiffs have been required to hire and retain counsel to obtain evidence and methodologies necessary for repair and reconstruction of the "Naming Rock" and determine what additional further assurances are necessary to prevent damage in the future by these Defendants and are entitled to recovery of all attorney fees, expert fees, consultation fees predating commencement of the litigation and for the costs of litigation and expenses as additionally and further required by the complete unjustified refusal to provide for indemnification that corporate Defendants agreed to provide to these Plaintiffs.  The conduct described herein is in violation of 40-27-101, Trespass to Unlawfully Collect Resource Data and Unlawful Collection of Resource Data.

WHEREFORE, Plaintiffs pray for judgment against all Defendants for actual damages in excess of $100,000 for the cost of repair and restoration of the "Naming Rock", construction and reconstruction of adequate security fencing and monitoring to ensure and prevent further damage by these Defendants, emotional distress and loss of enjoyment of their property, plus all applicable prejudgment and post-judgment interest, costs of this action an award of attorney fees and punitive and exemplary damages in an amount according to the proof provided sufficient to punish and prevent conduct by these Defendants toward similarly-situated Plaintiffs and these Plaintiffs in the future.

LANCE & HALL LLP

Elizabeth B. Lance, #6-3847
Lance & Hall LLP
2710 Thomes Ave.
P.O. Box 1108
Cheyenne, WY  82003
(307) 635-3318
elizabeth@lanceandhall.com

23

## RIGHT-OF-WAY PURCHASE AGREEMENT

This Right-of-way Purchase Agreement ("Agreement") is entered into this *1st* day of _June_, 2016, by and between **Double Triangle Ranch**, a Wyoming corporation, having a principal mailing address at 683 Beaver Creek Road, Newcastle, Wyoming 82701, ("Seller"), and **Black Hills Power, Inc.**, having its principal place of business and post office address at 625 Ninth Street, P. O. Box 1400, Rapid City, South Dakota 57709 ("Buyer").

Seller agrees to sell and Buyer agrees to buy a right of way easement ("Easement") for the construction and maintenance of an electrical transmission line under the following terms, conditions and stipulations:

1. <u>TERMS.</u>  The terms, conditions, stipulations and description of the Easement being purchased herein shall be those set forth in the Right of Way Easement entered into between the Buyer and Seller and incorporated herein by this reference. Also granted is the right to complete all environmental studies, surveying, design review, and other necessary requirements to establish the actual location of the electrical transmission line.

2. <u>CONSIDERATION.</u>  The consideration to be paid by Buyer to Seller shall be based on $85.00/rod for 125 foot right of way and recorded survey length, and $15.00/rod for Ranch Operations ("Purchase Price") payable at the time and in the manner as follows:

   (a)   The Purchase Price is $_____56,782.00_.

   (b)   The Purchase Price shall be paid by Buyer to Seller within 30 days after completion of all documents.

3. <u>EXECUTION OF RIGHT OF WAY EASEMENT.</u>  Seller agrees to execute the <u>Right of Way Easement</u> immediately upon the request of Buyer.

4. <u>BINDING UPON HEIRS AND ASSIGNS.</u>  This Agreement and all provisions herein shall be binding upon the heirs, successors, and assigns of the respective parties.

5. <u>COMPLETE AGREEMENT.</u>  This written Agreement and all of its provisions shall be considered the complete agreement of the parties relating to the matters set forth therein, notwithstanding any oral representations or other writings to the contrary.

IN WITNESS WHEREOF, the parties hereunto set their hands on the date first written above.

**SELLER(S):**
**Double Triangle Ranch**

_Double Triangle Ranch_

By: _____

Title: _President_

Taxpayer ID# _83-0228471_

**BUYER:**
**BLACK HILLS POWER, INC.**

_____

**AGENT:**

_DIRECTOR, ENGINEERING SERVIC_

Page 1 of 1

## RIGHT OF WAY EASEMENT

Double Triangle Ranch, a Wyoming corporation, having a principal mailing address at 683 Beaver Creek Road, Newcastle, Wyoming 82701, ("Grantor"), in consideration of payment of one dollar and other valuable consideration, hereby grants to Black Hills Power, Inc., having its principal place of business and post office address at 625 Ninth Street, P. O. Box 1400, Rapid City, South Dakota 57709, ("Grantee"), its successors and assigns, a perpetual right-of-way and easement 125 feet in width for an electric transmission line, with poles, wires and all necessary attachments and appurtenances, over the following described real property located in Weston County, State of Wyoming, as recorded in Book 52 Page 422 and more particularly described as:

**Township 46 North, Range 60 West, 6th P. M.**
**Section 18:**   **Government Lot 3, NE¼ SW¼, SE ¼NW¼, SW¼ NE ¼**

**And**

**Township 46 North, Range 61 West, 6th P. M.**
**Section 13:**   **SW¼, W½SE¼**
**Section 14:**   **E½SE¼**

The 125 foot right of way Easement granted herein is described on the map of survey attached hereto as Exhibit 1.

The electric facilities to be constructed by Grantee upon the easement are described as a 230 kV transmission line constructed with poles, wires, optical ground wire (OPGW) and associated equipment, and all necessary attachments, guys, supports and appurtenances. No future power line or communications cable can be installed therein except under separate written agreements with the Grantor.

The within grant shall include: the right to construct, operate, maintain, repair, alter, inspect, remove, upgrade, update, uprate, enhance, and replace an electric transmission power line with poles, wires, and associated equipment, and all necessary attachments and appurtenances; the right to install and maintain anchors and guy wires outside the right of way when reasonably necessary; the right to trim and/or remove by other means any vegetation along said lines where necessary to maintain the 125 foot right of way. Grantee will have the right of ingress and egress from the Easement over and across the Easement area identified on Exhibit 1, and over access identified on Exhibit 2, or as otherwise agreed to in writing by the Parties for access to the Easement and Grantee's Transmission Line.

It is further agreed as follows:

1. Damages to Livestock, Crops, and Improvements; Fires. Damage to or loss of livestock caused by Grantee's operations shall be paid for by Grantee at the higher of replacement cost or current market value. Damage to crops caused by Grantee's operations shall be paid for at current market value. Buildings, fences, and other improvements damaged or destroyed as a result of Grantee's operation shall be paid for at replacement cost. In the event of other damage to Owner's property caused by Grantee, Grantee shall compensate Owner for actual loss incurred by the Owner. Grantee will be fully responsible for any fires caused by Grantee's operations, its personnel, agents or assignees. Grantee will be compensated for the loss of grazing use of the rangelands based on the then going rate per acre for

rangeland leases in the area of Grantee's properties multiplied by the number of acres that are unusable. Grantee shall pay Grantor replacement costs for all fences, structures, equipment and improvements damaged or destroyed by fire caused by Grantee's operations, its personnel, agents or assignees. Grantor shall invoice Grantee for the rangeland burned and the replacement costs, and Grantee shall pay the invoice within thirty (30) days. Grantee shall be liable for the costs of controlling and extinguishing the fires. Grantee shall be liable to Grantor for all attorney fees and costs for enforcement of this paragraph.

2. Grantee shall fully restore, level, and reseed the surface of said land, as nearly as can reasonably be done, from any damage caused by construction, inspection, maintenance, repairs or removal of the power line. Grantee agrees to reseed that part of the right of way as well as any other portion of Owner's lands, including but not limited to abandoned access roads, that is disturbs, which Grantor acknowledges may not be the entire right of way, with a seed mix reasonably designated by the Owner and during planting season (spring or fall) selected by the Owner; but in any event, initial reseeding shall be undertaken no later than one year following completion of initial construction. Reseeding shall be done at a rate and in a type to restore the vegetation as existed prior to disturbance by Grantee. Grantee shall reseed as necessary to ensure that a growing ground cover is established upon the disturbed soils. Grantee shall control all noxious or undesirable weeds as may become established within areas used by the Grantee and where it can reasonably be concluded are related to the Grantee's use. Grantee shall inspect the right-of-way at such times as Owner shall reasonably request in order to determine the growth of ground cover and/or noxious or undesirable weeds. Grantee shall reseed ground cover and/or control noxious or undesirable weeds until transmission line right-of-way is returned as nearly as reasonably possible to the same conditions as existed prior to construction.

3. Grantee agrees to defend, indemnify and to hold harmless Grantor from any liability, claims and damage which may occur as a result of Grantee's conduct, and the conduct of Grantee's personnel, service providers, contractors, sub-contractors, agents and assignees.

4. Grantee will have the right to leave the Easement Area for necessary travel around bodies of water, excessively wet ground or other physical barriers.

5. At no time shall any building of any kind be placed or erected within the boundaries of said right of way, nor shall equipment or material of any kind that exceeds 15 feet in height be placed or used thereon by grantors or successor(s) in interest.

6. Subject to the foregoing limitations, said right of way may be used by Grantor for roads, pasture, agricultural crops and other purposes not inconsistent with said easement.

7. No construction or routine maintenance activities shall be performed during periods when the soil is too wet to adequately support construction equipment. If such equipment creates ruts in excess of two (2) inches deep, the soil shall be deemed too wet to adequately support construction equipment and work should not commence.

If after constructing the said transmission line, the Grantee should at a later time abandon the line and easement, the Grantee shall remove all of its property from the easement and all rights hereunder shall cease.

Dated this 26TH day of _____ MAY _____, 2016

Double Triangle Ranch
**Double Triangle Ranch**

By: _Tom Vore_

Title: _President_

STATE OF _Wyoming_ )
) ss.
COUNTY OF _Crook_ )

The foregoing instrument was acknowledged before me by _Tom Vore_ , _____ of Double Triangle Ranch.

This _26th_ day of _May_ , 2016.

Witness my hand and official seal.

_Linda Stagemeyer_
Notary Public

My Commission expires _Feb. 22, 2019_

(Seal)

LINDA STAGEMEYER - NOTARY PUBLIC
COUNTY OF CROOK    STATE OF WYOMING
My Commission Expires Feb. 22, 2019



"EXHIBIT 1"

# RIGHT OF WAY EASEMENT
## BLACK HILLS POWER, INC.
### LOCATED IN THE E1/2-SE1/4 OF SEC. 14, T46N, R61W, 6TH P.M., WESTON COUNTY, WYOMING

| RECORD OWNER | FOOTAGE | RODS |
|---|---|---|
| DOUBLE TRIANGLE RANCH | 1,307' | 79.21+/– |

LEGEND

◆ FOUND BLM MONUMENT
● FOUND SURVEY MONUMENT
━ CENTERLINE OF RIGHT OF WAY EASEMENT

SCALE: 1"=1000'

NOTES:
1. BASIS OF BEARINGS IS THE WYOMING STATE PLANE COORDINATE SYSTEM, EAST ZONE, NAD83(2011). ALL DISTANCES ARE GRID.

2. ALL CENTERLINE BEARINGS AND DISTANCES HEREIN ARE CONSIDERED TO BE MORE OR LESS. THE CENTERLINE OF THE POWERLINE AS CONSTRUCTED IS THE CENTER LINE OF THE 125' WIDE EASEMENT BEING 62.5' ON EACH SIDE.

RIGHT OF WAY EASEMENT
LOCATED IN THE E1/2-SE1/4
SEC. 14, T46N, R61W, 6TH P.M.,
WESTON COUNTY,
WYOMING

REV. APRIL 26, 2016

PREPARED FOR:
BHP
Black Hills Power

PREPARED BY:
FMG, Inc.

PARCEL #2630
FMG JOB#:090050.01

Sheet Number 1
Total Sheets 6

**"EXHIBIT 1"**

## RIGHT OF WAY EASEMENT
## BLACK HILLS POWER, INC.
LOCATED IN THE E1/2-SE1/4 SEC. 14, T46N, R61W, 6TH P.M.,
WESTON COUNTY, WYOMING

| RECORD OWNER | FOOTAGE | RODS |
|---|---|---|
| DOUBLE TRIANGLE RANCH | 1,307' | 79.21+/– |

Legal Description:

A 125.00 foot wide easement over the East Half of the Southeast Quarter of Section 14, Township 46 North, Range 61 West of the 6th PM, Weston County, Wyoming, said easement being 62.50 feet on each side of the following described centerline:

Commencing at the southeast corner of said Section 14 which is marked by a BLM brass capped monument; thence N00°27'09"W, along the east line of said Southeast Quarter, a distance of 1815.94 feet to the the point of beginning of the centerline to be described; thence along said centerline S89°08'47"W a distance of 1307.20 feet to the west line of said East Half of the Southeast Quarter and there terminating, said termination point being S00°07'26"W a distance of 860.23 feet from the northwest corner of said East Half which is marked by a monument marked LS 545.

The side lines of said strip of land shall be shortened or extended to terminate on the east and west lines of said East Half of the Southeast Quarter of Section 14. The total centerline length is 1307 feet more or less. All bearings and distances are NAD83(2011) WY State Plane East Zone grid.





| **RIGHT OF WAY EASEMENT** LOCATED IN THE E1/2-SE1/4 SEC. 14, T46N, R61W, 6TH P.M., WESTON COUNTY, WYOMING |  | Surveyed By: DJK Date: SEPTEMBER 2014 | PREPARED FOR: | PREPARED BY: **FMG, Inc.** | Sheet Number **2** |
|---|---|---|---|---|---|
|  |  | Drawn By: DW Checked By: DW |  | PARCEL #2830 FMG JOB # 090050.01 | Total Sheets **6** |

REV. APRIL 26, 2016



"EXHIBIT 1"

**RIGHT OF WAY EASEMENT**
**BLACK HILLS POWER, INC.**
LOCATED IN THE SW1/4 AND W1/2-SE1/4 OF
SEC. 13, T46N, R61W, 6TH P.M.,
WESTON COUNTY, WYOMING

| RECORD OWNER | FOOTAGE | RODS |
|---|---|---|
| DOUBLE TRIANGLE RANCH | 3,945' | 239.09'+/- |

**LEGEND**

◆  FOUND BLM MONUMENT

⊛  FOUND SURVEY MONUMENT

— — —  CENTERLINE OF RIGHT OF WAY EASEMENT

SCALE: 1"=1000'

**NOTES:**

1. BASIS OF BEARINGS IS THE WYOMING STATE PLANE COORDINATE SYSTEM, EAST ZONE, NAD83(2011). ALL DISTANCES ARE GRID.

2. ALL CENTERLINE BEARINGS AND DISTANCES HEREIN ARE CONSIDERED TO BE MORE OR LESS. THE CENTERLINE OF THE POWERLINE AS CONSTRUCTED IS THE CENTER LINE OF THE 125' WIDE EASEMENT BEING 62.5' ON EACH SIDE.

**RIGHT OF WAY EASEMENT**
LOCATED IN THE SW1/4 AND W1/2-SE1/4
SEC. 13, T46N, R61W, 6TH P.M.,
WESTON COUNTY,
WYOMING                        REV. APRIL 28, 2016

PREPARED FOR: Black Hills Power

PREPARED BY: F M G, Inc.

PARCEL #2630
FMG JOB # 090050.01

Sheet Number 3

Total Sheets 6

**"EXHIBIT 1"**

# RIGHT OF WAY EASEMENT
# BLACK HILLS POWER, INC.
### LOCATED IN THE SW1/4 AND W1/2-SE1/4
### SEC. 13, T46N, R61W, 6TH P.M.,
### WESTON COUNTY, WYOMING

| RECORD OWNER | FOOTAGE | RODS |
|---|---|---|
| DOUBLE TRIANGLE RANCH | 3,945' | 239.09+/− |

Legal Description:

A 125.00 foot wide easement over the Southwest Quarter and West Half of the Southeast Quarter of Section 13, Township 46 North, Range 61 West of the 6th PM, Weston County, Wyoming, said easement being 62.50 feet on each side of the following described centerline:

Commencing at the southwest corner of said Section 13 which is marked by a BLM brass capped monument; thence N00°27'09"W, along the west line of said Section 13 a distance of 1815.94 feet to the the point of beginning of the centerline to be described; thence along said centerline N89°05'18"E a distance of 106.36 feet; thence along said centerline N88°46'14"E a distance of 2249.81 feet; thence along said centerline N89°22'35"E a distance of 1588.49 feet to the east line of said West Half of the Southeast Quarter and there terminating, said termination point being N37°00'19"W a distance of 2206.36 feet from the southeast corner of said Section 13, said corner being marked by a BLM brass capped monument.

The side lines of said strip of land shall be shortened or extended to terminate on the west line of said Southwest Quarter and east line of said West Half of the Southeast Quarter of Section 13. The total centerline length is 3945 feet more or less. All bearings and distances are NAD83(2011) WY State Plane East Zone grid.



| RIGHT OF WAY EASEMENT | Surveyed By | | PREPARED FOR: | PREPARED BY: | Sheet Number |
|---|---|---|---|---|---|
| LOCATED IN THE SW1/4 AND W1/2-SE1/4 | Date SEPT. 15, 2014 | | | **F M G, Inc.** | 4 |
| SEC. 13, T46N, R61W, 6TH P.M., | Drawn By DS | | | 3700 Sturgis Road | Total Sheets |
| WESTON COUNTY, | Checked By DS | | | Rapid City, SD 57702-0317 | |
| WYOMING | Revision Dates | | **Black Hills Power** | PARCEL #2630 | 6 |
| REV. APRIL 26, 2016 | OCTOBER 2, 2014 | | | FMG JOB #:090050.01 | |



"EXHIBIT 1"

**RIGHT OF WAY EASEMENT**
**BLACK HILLS POWER, INC.**
LOCATED IN SECTION 18, T46N, R60W, 6TH P.M.,
WESTON COUNTY, WYOMING

| RECORD OWNER | FOOTAGE | RODS |
|---|---|---|
| DOUBLE TRIANGLE RANCH | 4117.2' | 249.52+/- |

LEGEND
● FOUND BLM MONUMENT
● FOUND SURVEY MONUMENT
— CENTERLINE OF RIGHT OF WAY EASEMENT

NOTES:
1. BASIS OF BEARINGS IS THE WYOMING STATE PLANE COORDINATE SYSTEM, EAST ZONE, NAD83(2011), ALL DISTANCES ARE GRID.

2. ALL CENTERLINE BEARINGS AND DISTANCES HEREIN ARE CONSIDERED TO BE MORE OR LESS. THE CENTERLINE OF THE POWERLINE AS CONSTRUCTED IS THE CENTER LINE OF THE 125' WIDE EASEMENT BEING 62.5' ON EACH SIDE.

SCALE: 1"=1000'

RIGHT OF WAY EASEMENT
LOCATED IN SEC. 18, T46N, R60W, 6TH P.M.,
WESTON COUNTY,
WYOMING
REV. APRIL 26, 2016

PREPARED FOR:
Black Hills Power

PREPARED BY:
F M G, Inc.
PARCEL #2650
FMG JOB#: 090050.01

Sheet 5 of 6

**"EXHIBIT 1"**

# RIGHT OF WAY EASEMENT
# BLACK HILLS POWER, INC.
### LOCATED IN SECTION 18, T46N, R60W, 6TH P.M.,
### WESTON COUNTY, WYOMING

| RECORD OWNER | FOOTAGE | RODS |
|---|---|---|
| DOUBLE TRIANGLE RANCH | 4177.2' | 249.52+/− |

Legal Description:

A 125.00 foot wide easement over Government Lot 3, the Northeast Quarter of the Southwest Quarter (NE1/4−SW1/4), the Southeast Quarter of the Northwest Quarter (SE1/4−NW1/4), and the Southwest Quarter of the Northeast Quarter (SW1/4−NE1/4) of Section 18, Township 46 North, Range 60 West of the 6th PM, Weston County, Wyoming, said easement being 62.50 feet on each side of the following described centerline:

Commencing at the southwest corner of said Section 18 which is marked by a BLM brass capped monument; thence N00°03'31"E, along the west line of said Section 18 a distance of 1839.52 feet to the point of beginning of the centerline to be described; thence along said centerline N73°28'37"E a distance of 3328.08 feet; thence along said centerline S85°39'18"E a distance of 789.07 feet to the east line of said Southwest Quarter of the Northeast Quarter (SW1/4−NE1/4) and there terminating, said termination point being N83°18'52"W a distance of 1346.37 feet from the east quarter corner of said Section 18, said corner marked by a BLM brass capped monument.

The side lines of said strip of land shall be shortened or extended to terminate on the west line of Section 18 and the east line of said Southwest Quarter of the Northeast Quarter (SW1/4−NE1/4). The total centerline length is 4117.2 feet more or less. All bearings and distances are NAD83(2011) WY State Plane East Zone grid.



<table>
<tr><td colspan="4"><b>RIGHT OF WAY EASEMENT</b><br>LOCATED IN SEC. 18, T46N, R60W, 6TH P.M.,<br>WESTON COUNTY,<br>WYOMING<br><br>REV. APRIL 28, 2016</td>
<td>Surveyed By ___ JEJW<br>Date ___ AUGUST, 2014<br>Drawn By ___ BW<br>Checked By ___ DW<br>Revision Codes<br>OCTOBER 24, 2013<br>OCTOBER 2, 2014</td>
<td>PREPARED FOR:<br>BHP<br>Black Hills Power</td>
<td>PREPARED BY:<br>F M G, Inc.<br>3063 Sturgis Road<br>Rapid City, SD 57702-0317<br>(605) 342-4105<br>www.fmgengineering.com<br>PARCEL #2650<br>FMG JCB#: 09C050.01</td>
<td>Sheet Number<br><b>6</b><br><br>Total Sheets<br><b>6</b></td></tr>
</table>

# CONSTRUCTION AGREEMENT

This Construction Agreement ("Agreement") is made, dated, and effective as of the 1ˢᵗday of _ＪｕＮＥ_ , 2016, by and between Double Triangle Ranch, a Wyoming corporation, having a principal mailing address at 683 Beaver Creek Road, Newcastle, Wyoming 82701 ("Grantor") and Black Hills Power, Inc., whose address is 409 Deadwood Ave, Rapid City, SD 57702 ("Grantee").

Grantee and Grantor are in the process of negotiating an EASEMENT AND RIGHT-OF-WAY AGREEMENT ("Easement"), for the construction and operation of one (1) 230 kV electric transmission power line with poles, wires, and associated equipment necessary to the structure, and all necessary attachments, a portion of which crosses over and upon the property of Grantor (the "Project").

Grantor and Grantee hereby agree that during the Project, Grantee will fence cultural area known as "Naming Rock" on Grantor's property. Fence will consist of chain link fabric with one individual walk in gate.

Grantee agrees to defend, indemnify and to hold harmless Grantor from any liability, claims and damage which may occur as a result of Grantee's conduct, and the conduct of Grantee's personnel, service providers, contractors, sub-contractors, agents and assignees, related to Grantee's exercise of its rights hereunder.

The rights and obligations provided in this Agreement shall inure to and be binding upon the respective heirs, successors, representatives and assigns of the Grantor and Grantee, and each party shall have the right to assign its interest in this Agreement in whole or in part. No representations or statements, either verbal or written, have been made between the parties that may alter the terms of this document. All modifications and amendments to this Agreement shall be made only in writing, and signed by both parties.

GRANTOR:                                          GRANTEE:

_Double Triangle Ranch Inc_                       _Michael J Cadil_            6/1/16
Double Triangle Ranch        Date 6-26-16         Black Hills Power, Inc.        Date

Title:
Pres.

Exhibit B 1 page

# CIVIL COVER SHEET

This civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law.  This form, approved by the Wyoming Supreme Court, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM)

## I. CAPTION

**Tom Vore, Susan Vore**
**and Double Triangle Ranch,**        )
                *Plaintiffs,*        )

**vs.**

**Black Hills Power, Inc.; Black Hills**
**Energy; Wright Tree Service Inc.**
**d/b/a Wright Tree Service;**
**Tanner Laughlin, Individually and as**
**an Employee of Wright Tree Service;**
**Jeffery Stover-Cornell, Individually**
**and as an Employee of Wright Tree**
**Service; Colter Schenbeck, Individually**
**and as an Employee of Wright Tree**
**Service; John Gullickson, Individually**
**and as a Manager of Wright Tree**
**Service; and Jeremiah Wildeboer,**
**Individually and as a Manager of**
**Wright Tree Service,**
                *Defendants.*

Docket # CV-2083

FILED IN DISTRICT COURT
WESTON COUNTY, WYOMING

MAY 0 7 2021

TINA COTE
CLERK OF DISTRICT COURT

## II. NATURE OF SUIT *(Place an "X" in One Box Only)*

### GENERAL CIVIL

**CONTRACT**
☐ Business Organization Litigation
☐ Com. Const. Contract Litigation
☐ Contract Other (not Debt Collection)

**TORT**
☐ PI or WD - Environmental or Toxic Tort
☐ PI or WD - Fed Employer Liability Act
☐ PI or WD - Medical Malpractice
☐ PI or WD - Product Liability
☐ PI or WD - Vehicular
☐ Personal Injury Unspecified
☒ Property Damage
☐ Tort Unspecified
☐ Wrongful Termination of Employment

**CIRCUIT COURT**
☐ Small Claims
☐ Forcible Entry and Detainer
☐ Stalking Protection Order

**DISSOLUTION OF MARRIAGE**
☐ Divorce w/Minor Children
☐ Divorce w/o Minor Children
☐ Judicial Separation
☐ Annulment

**DOMESTIC RELATIONS**
☐ Custody/Parental Visitation
☐ Grandparental Visitation
☐ Paternity
☐ Child Support/Parental Contribution
☐ Child Support w/ Paternity
☐ UIFSA w/Paternity
☐ UIFSA
☐ Dom Register Foreign Judgment
☐ TPR  State/DFS
☐ TPR  Family/Private

**PROPERTY**
☐ Property with Mineral Rights
☐ Property w/o Mineral Rights

**PROBATE**
☐ Ancillary Admin/Foreign Prob
☐ Decree of Title Distribution
☐ Determination of Heirship
☐ Letters of Administration
☐ Estate Unspecified
☐ Summary Probate
☐ Testate/Intestate Estate
☐ Will Only Filings
☐ Trust Matters
☐ Guardianship
☐ Conservatorship
☐ Guardian  & Conservatorship

**ADOPTION**
☐ Adoption
☐ Confidential Intermediary

### OTHER CIVIL

☐ Appointment/Removal of a Fiduciary
☐ Arbitration Award Confirmation
☐ Birth Certificate Amendment/Establishment
☐ Debt Collection
☐ Declaratory Judgment
☐ Emancipation of Minor
☐ False or Frivolous Lien
☐ Foreign Judgment
☐ Foreign Protection Order/Foreign Stalking Order
☐ Forfeiture of Property
☐ Governmental Action Environmental Case
☐ Injunction
☐ Material Witness/Foreign Subpoena
☐ Name Change
☐ Involuntary Hospitalization
☐ Public Nuisance
☐ Specific Relief
☐ Structured Settlement Protection Act
☐ Successor to Civil Trust Appointment
☐ Transcript of Judgment
☐ Writ of Habeas Corpus
☐ Writ of Mandamus
☐ Writ of Replevin

☐  Family Violence Protection Order

☐  Unspecified

## III.  RELATED CASE(S) IF ANY *(see instructions)*

Docket No. _____  Judge _____  Court *(if different)* _____

Docket No. _____  Judge _____  Court *(if different)* _____

## IV.  $ AMOUNT IN CONTROVERSY, (estimated) *(see instructions)*

$ in excess of $100,000.00

SIGNATURE OF ATTORNEY OF RECORD OR PRO SE LITIGANT

DATE  5/7/21